UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| In re: Seth Reaves,<br><br>DEBTOR | Case No. 4:22-cv-01064-TLW<br><br>**ORDER** |

On April 1, 2022, Debtor Seth Reaves ("Debtor") filed a notice of appeal regarding a bankruptcy court order dismissing his action because he did not pay the initial filing fee. ECF No. 1. It was assigned to United States Magistrate Judge Thomas E. Rogers, III for review. The magistrate judge issued a report and recommendation, on April 20, 2022, recommending that this Court dismiss the bankruptcy appeal. ECF No. 3. That recommendation was adopted by this Court via separate order dated July 11, 2022. ECF No. 13. Debtor then appealed the order to the United States Court of Appeals for the Fourth Circuit, which affirmed this Courts order in an unpublished *per curiam* opinion on January 19, 2023. ECF No. 21.

On February 8, 2022, Debtor filed the instant Rule 60 motion to vacate this Court's order adopting the magistrate judge's report and recommendation. ECF No. 22. In his motion, Debtor asks the Court to vacate its prior order and reopen his bankruptcy action. ECF No. 22. Rule 60(b) of the Federal Rules of Civil Procedure authorizes a district court to relieve a party from a final judgment or order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud ..., misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). With respect to motions under Rule 60(b), the Fourth Circuit has explained that "before a party may seek relief under Rule 60(b), a party first must show 'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (citation omitted). Once this "initial threshold" is crossed, the party "then must satisfy one of the six specific sections of Rule 60(b)" listed above. *Id.*

Upon review of Debtor's Rule 60 Motion, the Court finds that Debtor has not established that reconsideration of the Court's July 11, 2022 order adopting the report and recommendation is warranted under Rule 60(b) of the Federal Rules of Civil Procedure. Specifically, Debtor has not established a meritorious defense or exceptional circumstances and has not established the applicability of any of the six specific sections of Rule 60(b) that could justify a request for relief from a judgment. Further, the Court notes that the judgment which Debtor seeks to vacate has already

been reviewed and affirmed on appeal. Accordingly, for these reasons, Debtor's Rule 60 Motion, ECF No. 22, is **DENIED.**

    **IT IS SO ORDERED**.

                                                 *s/ Terry L. Wooten*
                                                 Terry L. Wooten
                                                 Senior United States District Judge

February 10, 2023
Columbia, South Carolina